UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

GREGORY WOODERS

VERSUS

ELITE LANES, LLC, ET AL.

CIVIL ACTION NO.

23-253-SDD-EWD

## RULING AND ORDER

Before the Court is a Joint Motion to Remand,[1] filed by Plaintiff Gregory Wooders and Defendant Prime Insurance Company ("Prime").[2] Because this Court lacks subject matter jurisdiction, the Motion will be granted.

Plaintiff seeks to recover damages in this case for injuries allegedly sustained in an automobile accident that occurred on March 22, 2022 in Iberville Parish, Louisiana.[3] On or about February 23, 2023, Plaintiff filed suit in the Nineteenth Judicial District Court for the Parish of East Baton Rouge against the driver who allegedly caused the accident, Azariah Israel; Israel's employer, Elite Lanes, LLC; and Prime, the insurer of the vehicle operated by Israel.[4]

On March 30, 2023, Prime removed the case to this Court, alleging diversity subject matter jurisdiction under 28 U.S.C. §1332.[5] The Notice of Removal alleges that

---

[1] R. Doc. 6.
[2] R. Doc. 6-2.
[3] R. Doc. 1-2, ¶¶ 2-3.
[4] R. Doc. 1-2, ¶¶ 1, 3, 8, & 9.
[5] R. Doc. 1, ¶ 1.

Plaintiff is a resident of Louisiana;[6] Israel is a citizen of Texas;[7] Prime is an Illinois corporation, with its principal place of business in Utah;[8] and Elite is a limited liability company, with two individual members who are citizens of Texas.[9]

On April 5, 2023, a telephone conference was held with the Court to discuss subject matter jurisdiction. As discussed, the citizenship allegation as to Plaintiff's residency is deficient.[10] Additionally, Prime did not provide sufficient information to establish amount in controversy in its Notice of Removal. First, Plaintiff affirmatively pleaded in the Petition that "[a]t this time, [his] total damages do not exceed seventy-five thousand dollars ($75,000.00)."[11] Additionally, Prime failed to provide any particularized information regarding Plaintiff's actual injuries, treatment, medical expenses, etc.[12] Rather, Prime relied only on Plaintiff's failure to file a *binding* stipulation with the Petition, and the Petition's generalized, boilerplate allegations of past, present, and future damages.[13] Prime was permitted to clarify the jurisdictional allegations by filing an amended notice of removal adequately alleging Plaintiff's citizenship and a memorandum and supporting evidence concerning whether the amount in controversy requirement was met at the time of removal.[14] Because during the telephone conference Plaintiff raised the possibility of a stipulation to clarify amount in controversy, the parties were

---

[6] R. Doc. 1, ¶ 5 and *see* the Petition at R. Doc. 1-2, preamble: "Plaintiff…[is] a natural person of full age and majority residing in East Baton Rouge Parish, State of Louisiana…."
[7] R. Doc. 1, ¶ 8.
[8] R. Doc. 1, ¶ 6.
[9] R. Doc. 1, ¶ 7.
[10] R. Doc. 5, pp. 1-2.
[11] R. Doc. 1-2, ¶ 10.
[12] R. Doc. 5, p. 3 and R. Doc. 1, ¶¶ 9-12.
[13] R. Doc. 5, pp. 2-3.
[14] R. Doc. 5, pp. 3-4.

alternatively permitted to file a joint motion to remand if they reached a stipulation that clarified the amount in controversy to Prime's satisfaction.[15]

On April 20, 2023, the parties filed their Joint Motion to Remand on the basis of Plaintiff's stipulation that his damages will not exceed $75,000.[16] Considering Plaintiff's allegation in the Petition that his damages do not exceed $75,000, and his corresponding post-removal stipulation clarifying that his damages will not exceed $75,000, as well as the lack of evidence provided by Prime, which has the burden to establish the elements of subject matter jurisdiction,[17] the Court finds that the Joint Motion to Remand has merit.

Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand.[18] Based on the Joint Motion to Remand and the Notice of Removal, it is unclear whether complete diversity exists or whether Plaintiff's claims are likely to exceed $75,000, exclusive of interest and costs. Additionally, there does not appear to be a basis for the exercise of any other form of subject matter jurisdiction. Accordingly,

**IT IS ORDERED** that the Joint Motion to Remand,[19] filed by Plaintiff Gregory Wooders and Defendant Prime Insurance Company, is **GRANTED**, and this case is **REMANDED** to the Nineteenth Judicial District Court for the Parish of East Baton Rouge for further proceedings.

---

[15] R. Doc. 5, p. 5.
[16] R. Doc. 6-2 (Plaintiff's Stipulation as to his claims for past, present, and future damages and expenses for physical and mental pain, suffering and anguish, physical disability and/or impairment of functions and activities, and loss of income, loss of earning capacity and/or loss of enjoyment of life and property damage), and R. Doc. 1-2, ¶ 6.
[17] It is the burden of the removing defendant to establish this Court's subject matter jurisdiction and the propriety of removal. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citations omitted).
[18] *Id.*
[19] R. Doc. 6.

**IT IS FURTHER ORDERED** that the Clerk of Court shall **TERMINATE** this matter on the Court's docket.

*Judgment* shall be entered accordingly.

**IT IS SO ORDERED.**

Baton Rouge, Louisiana, this 16 day of May, 2023.

_____
**SHELLY D. DICK
CHIEF DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA**